FILED'08 FEB 14 0958USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ALLSTATE INSURANCE COMPANY,                    Civ. No. 07-1265-AA

                                                                  OPINION AND ORDER

       Plaintiffs,

    v.

JAMES WESTOM and ELLEN WESTOM,
married individuals; PAUL PETERS
and ALICIA PETERS, married
individuals; PAUL JEROME PETERS,
JOSHUA RAMONE PETERS and ARIANA
ALISA PETERS, by and through their
guardian ad litem Alicia Peters

       Defendants.
_____

Douglas F. Foley
Katie D. Buxman
FOLEY & BUXMAN, PLLC
13115 N.E. 4th Street, Suite 260
Vancouver, WA 98684
    Attorneys for plaintiff

Thomas M. Christ
James M. Maldonado
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, OR 97205
    Attorneys for defendants James and Ellen Westom

1 - OPINION AND ORDER

AIKEN, Judge:

This federal declaratory judgment action is a dispute between an insurance company and its insureds over whether there is coverage for the claims asserted against the insureds in an action pending in Multnomah County Circuit Court, case number 0703-02599 ("the state action").

Defendants James and Ellen Westom ("the Westoms") move this court to abstain from exercising jurisdiction over this declaratory judgment action. For the following reasons, defendants' motion is DENIED.

BACKGROUND

On November 9, 2007, defendants Paul Peters, Alicia Peters and Paul Jerome Peters, Joshua Ramone Peters, and Ariana Alisa Peters, by and through their guardian *ad litem* Alicia Peters (collectively "Peters"), filed a state action against the Westoms. Peters alleged that the Westoms were negligent in failing to maintain property they rented/leased to Peters in a habitable condition, and that the Westoms violated Or. Rev. Stat. § 90.320, which contains state habitability requirements.

Plaintiff Allstate Insurance Company provided insurance policies to the Westoms and filed this declaratory judgment action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), contending that those insurance policies do not cover the claims alleged by Peters against the Westoms in the state action.

2 - OPINION AND ORDER

It is undisputed that this court has jurisdiction pursuant to Title 28 U.S.C. § 1332.

## DISCUSSION

The Westoms contend that this court should abstain from exercising jurisdiction over this declaratory judgment action because it would involve needless determination of state law issues, encourage forum shopping, and would be duplicative of the litigation taking place in state court.

Under the Federal Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Ninth Circuit Court of Appeals has held that "[t]he exercise of jurisdiction under the Federal Declaratory Judgment Act ... is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002). In addition, the Ninth Circuit has held that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In determining whether to abstain from exercizing jurisdiction, a district court should address three factors, known as the *Brillhart* factors: (1) the district court should avoid needless determination of state law issues; (2) it should

discourage litigants from filing declaratory actions as a means of "forum shopping"; and (3) it should avoid duplicative litigation. <u>Dizol</u>, 133 F.3d at 1225 (citing <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942)). These factors, however, are not necessarily exhaustive. <u>See</u> <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring).

Allstate requests that this court declare whether it must defend or indemnify the Westoms in the underlying state action. The duty to defend is independent of the duty to indemnify, and the test for breach of the former is different from that of the latter. <u>Northwest Pump & Equip. Co. v. Am. States Ins. Co.</u>, 144 Or. App. 222, 227, 925 P.2d 1241 (1996). "The duty to defend is triggered by the bare allegations of a pleading. In contrast, the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." <u>Id.</u> "An insurer has a duty to defend if the factual allegations of the complaint . . . state a claim for any [conduct] covered by the [contract]." <u>Marleau v. Truck Ins. Exchange</u>, 333 Or. 82, 91, 37 P.3d 148 (2001).

Thus, determining whether Allstate must defend the Westoms in the state action does not involve a "needless determination" of state law issues or the facts underlying the Peters' claims. In contrast, whether Allstate has a duty to indemnify might require resolution of facts at issue in the underlying case. If so, this court would refrain from determining the indemnity issue until the

4 - OPINION AND ORDER

state court action is completed. Therefore, I find that allowing this case to proceed in federal court will not involve needless determination of state law issues.

With respect to forum shopping, Allstate points out that it has not previously filed any other action relating to the underlying case and therefore, it is not attempting to have an insurance coverage issue decided in any other forum. Further, it is not uncommon for an insurer to seek a declaration of its obligations in federal court. See generally; Feldman v. Allstate Ins. Co., 322 F.3d 660 (9th Cir. 2003); Connolly v. Allstate Ins. Co., 113 F.3d 1240 (9th Cir. 1997); Allstate Ins. Co. v. Bryant, 45 Fed.Appx. 632 (9th Cir. 2002); Allstate Ins. Co. v. Breshears, 154 Fed.Appx. 671 (9th Cir. 2005); Allstate Ins. Co. v. Breeden, 105 Fed.Appx. 217 (9th Cir. 2004). While Allstate filed this declaratory judgment action after the state action was filed, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." Dizol, 133 F.3d at 1225. I find that allowing this case to proceed in federal court does not encourage forum shopping.

Finally, I find that allowing this case to proceed in federal court would not create duplicative litigation. The state court proceeding will only decide whether Westoms are liable to Peters for failing to maintain property they rented/leased to Peters in a habitable condition. Notably, the insurance coverage issues are not

state court action is completed. Therefore, I find that allowing this case to proceed in federal court will not involve needless determination of state law issues.

With respect to forum shopping, Allstate points out that it has not previously filed any other action relating to the underlying case and therefore, it is not attempting to have an insurance coverage issue decided in any other forum. Further, it is not uncommon for an insurer to seek a declaration of its obligations in federal court. See generally; Feldman v. Allstate Ins. Co., 322 F.3d 660 (9th Cir. 2003); Connolly v. Allstate Ins. Co., 113 F.3d 1240 (9th Cir. 1997); Allstate Ins. Co. v. Bryant, 45 Fed.Appx. 632 (9th Cir. 2002); Allstate Ins. Co. v. Breshears, 154 Fed.Appx. 671 (9th Cir. 2005); Allstate Ins. Co. v. Breeden, 105 Fed.Appx. 217 (9th Cir. 2004). While Allstate filed this declaratory judgment action after the state action was filed, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." Dizol, 133 F.3d at 1225. I find that allowing this case to proceed in federal court does not encourage forum shopping.

Finally, I find that allowing this case to proceed in federal court would not create duplicative litigation. The state court proceeding will only decide whether Westoms are liable to Peters for failing to maintain property they rented/leased to Peters in a habitable condition. Notably, the insurance coverage issues are not

before the state court, and Allstate is not a necessary or indispensable party to the state court action. See Or. R. Civ. P. 29.

In sum, I find that consideration of the *Brillhart* factors does not warrant abstention in this declaratory judgment action.

As emphasized by Allstate, other relevant factors support the Court's exercise of jurisdiction in this case. See *Dizol*, 133 F.3d at 1225. These additional factors include: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies. Id.

Although this action will not decide the liability aspects of the state court action, it will settle all aspects of the controversy between Allstate and the Westoms concerning whether Allstate must defend or indemnify the Westoms, and it will serve a useful purpose in clarifying the legal relations at issue between the parties. Further, there is no evidence that Allstate brought this declaratory action to seek procedural or "res judicata"

6 - OPINION AND ORDER

advantage. In addition, it is beneficial for all parties involved to have this court decide the insurance coverage issues separately from the ultimate issue of liability to prevent entanglement between the federal and state court.

Finally, hearing this action in federal court will not inconvenience any of the parties. While Allstate may have a remedy available in state court, see Or. Rev. Stat. § 28.010 et seq, I find that this factor alone does not weigh heavily in favor of abstention. Instead, this court's determination of Allstate's duty to defend and indemnify will facilitate certain aspects of the state court proceeding.

## CONCLUSION

For the reasons explained above, I exercise my discretion to retain jurisdiction over this case. Defendants' Motion to Dismiss/Abstain From Exercising jurisdiction (doc. 8) is DENIED.

IT IS SO ORDERED.

DATED this 14 day of February, 2008.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER